UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TEODORO ABREU,<br><br>Defendant. | **SEALED COMPLAINT**<br><br>Violations of 18 U.S.C. §§ 1028A, 1542, and 2.<br><br>COUNTY OF OFFENSE: BRONX |

SOUTHERN DISTRICT OF NEW YORK:

**24 MAG 2904**

DUA QURAISHI, being duly sworn, deposes and says that she is a Special Agent with the United States Department of State's Diplomatic Security Service, and charges as follows:

### COUNT ONE

### (Passport Fraud)

1. On or about October 28, 2022, in the Southern District of New York and elsewhere, TEODORO ABREU, the defendant, willfully and knowingly made a false statement in an application for a passport with intent to induce and secure the issuance of a passport under the authority of the United States, for his own use and the use of another, contrary to the laws regulating the issuance of passports and the rules prescribed pursuant to such laws, and used and attempted to use, and furnished to another for use a passport the issue of which was secured by reason of a false statement, to wit, ABREU submitted a United States passport application with false information about his identity, including a false name, date of birth, and social security number.

(Title 18, United States Code, Sections 1542 and 2.)

### COUNT TWO

### (Aggravated Identity Theft)

2. On or about October 28, 2022, in the Southern District of New York and elsewhere, TEODORO ABREU, the defendant, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, ABREU used and transferred the name, date of birth, and social security number of another person during and in relation to the passport fraud violation charged in Count One of this Complaint.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

1

3.      I am a Special Agent with the United States Department of State's Diplomatic Security Service ("DSS"). I have been employed by DSS since 2022. Prior to my employment as a Special Agent with DSS, I was a Victim Specialist for the Federal Bureau of Investigation ("FBI") for approximately one-and-a-half years and, before that, I was an Evidence Technician for the FBI for approximately one year. In my current capacity, I have been assigned to investigate passport fraud, among other offenses, and have received training applicable to the investigation of such offenses. I have been personally involved in the investigation of this matter, and I base this affidavit on that experience, on my conversations with other law enforcement officials, and on my examination of various reports and records. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

### The Defendant's Identity

4.      Based on my conversations with other law enforcement officials, my examination of law enforcement reports and records, criminal history records, and my personal involvement in this investigation, I know, among other things, the following about TEODORO ABREU, the defendant:

a.      ABREU was born on or about December 4, 1963 in the Dominican Republic. In or about 1994, ABREU entered the United States illegally at an unknown place. In or about 1997, ABREU's status in the United States was adjusted to that of a lawful permanent resident.

b.      On or about March 5, 1997, ABREU was issued a passport by the Dominican Republic that contained the photograph in **Image 1**. On or about March 20, 1997, the United States Immigration and Naturalization Service ("INS") issued ABREU an employment authorization card, which contained the photograph in **Image 2**. On or about December 21, 1998, ABREU pled guilty in Lynn District Court in Lynn, Massachusetts to assault and battery in violation of Mass. Gen. Laws 265 § 13A. ABREU was sentenced to a term of 18 months' imprisonment. On or about March 9, 1999, ABREU was removed from the United States. **Image 3** is a photograph of ABREU on or about the date of his removal.

        

**Image 1**               **Image 2**               **Image 3**

c. On several official forms between in or about 1997 and in or about 1999, ABREU signed his name in a distinctive manner, writing just his first name ("Teodoro") with a loop around it. For example, **Image 4** shows ABREU's signature on his Dominican passport, which was issued on or about March 5, 1997. **Image 5** depicts ABREU's signature on a Massachusetts state court advice of rights form in connection with ABREU's guilty plea, which ABREU signed on or about December 21, 1998. **Image 6** shows an INS form, which ABREU signed on or about the date of his removal from the United States in or about March 1999.

**Image 4**     **Image 5**     **Image 6**

### The 2022 Fraudulent Passport Application

5. Based on my conversations with other law enforcement officials, my examination of various reports and records, and my personal involvement in this investigation, among other things, I have learned the following:

a. On or about October 28, 2022, an individual who, for the reasons described below I believe to be TEODORO ABREU, the defendant, executed and submitted a DS-11 form to apply for a U.S. Passport at a United States Postal Service branch in the Bronx, New York (the "2022 Fraudulent Passport Application").

b. On the 2022 Fraudulent Passport Application, ABREU falsely (1) listed his name as the name of another person (the "Victim"); (2) provided the Victim's date of birth (the "Victim DOB"), not ABREU's; (3) listed a place of birth, Puerto Rico, which was the Victim's place of birth, not ABREU's; and (4) supplied the Victim's social security number (the "Victim SSN"), not ABREU's. ABREU listed an individual who shares the same last name as ABREU as ABREU's emergency contact. ABREU also provided an address in the Bronx as his permanent address (the "ABREU Address") which, based on my participation in this investigation, I have learned is ABREU's residence.

c. In support of the 2022 Fraudulent Passport Application, ABREU submitted the passport photograph shown in **Image 7**, as well as a New York State Identification Card with a particular ID number (the "NYS ID Number"), which was also listed under the Victim's name, and which displayed the photograph shown in **Image 8**.

3


**Image 7**


**Image 8**

d. Based on my comparison of the individual depicted in **Images 1, 2, and 3** with the individual depicted in **Images 7 and 8**, I believe that they depict the same person, that is, ABREU.

e. ABREU signed the 2022 Fraudulent Passport Application in the same, distinctive manner in which ABREU had signed several official forms in his own name between approximately 1997 and 1999, as shown *supra* in **Images 4, 5, and 6**. That is, ABREU signed the 2022 Fraudulent Passport Application by signing the Victim's first name ("Manuel") and drawing a loop around the name, as shown in **Image 9**. In the New York State Identification Card shown in **Image 8**, ABREU appears to have used the same, distinctive signature when signing the Victim's name.



**Image 9**

### The 2002 Fraudulent Passport Application

6. Based on my participation in this investigation, my review of law enforcement reports and records, and my conversations with law enforcement officers, among other things, I have learned the following:

a. On or about October 15, 2002, at the Charleston Passport Center in or around Charleston, South Carolina, an individual whom I believe to be TEODORO ABREU, the defendant, executed and submitted a DS-11 form to apply for a U.S. Passport (the "2002 Fraudulent Passport Application").

b. The 2002 Fraudulent Passport Application was submitted using the Victim's personal information, including the Victim's name, the Victim DOB, the Victim SSN, and the Victim's place of birth. As his emergency contact, ABREU listed an individual who shares the

4

same last name as ABREU. Accompanying the 2002 Fraudulent Passport Application was a photograph of an individual that appears to be ABREU (**Image 10**), as well as a photocopy of a New York State Driver's License issued in or about 2002 in the Victim's name, but which again appears to depict ABREU and lists the NYS ID Number (**Image 11**). I have learned that the 2002 Fraudulent Passport Application was flagged for potential fraud and did not result in a passport being issued.

    c.  On or about December 10, 2014, an individual whom I believe to be ABREU applied to the New York City Taxi & Limousine Commission ("TLC") for a TLC Driver's License, using the Victim's identifying information—including the Victim's name, the Victim DOB, and the Victim SSN (the "2014 Fraudulent TLC Application"). TLC records contain a photograph of the applicant, *i.e.*, ABREU, which is shown below in **Image 12**. Furthermore, TLC records indicate that ABREU used the NYS ID Number in the 2014 Fraudulent TLC Application. The Victim was in BOP custody at the time ABREU submitted the 2014 Fraudulent TLC Application. *See infra* n.1.

  

**Image 10**       **Image 11**       **Image 12**

    d.  Based on my comparison of the individual depicted in **Images 1, 2, and 3**, with the individual depicted in **Images 10, 11, and 12**, I believe that they depict the same person, that is, ABREU. Furthermore, based on the fact that the individual who submitted the 2002 Fraudulent Passport Application, the 2014 Fraudulent TLC Application, and the 2022 Fraudulent Passport Application all used the same NYS ID Number in their applications, I believe that those individuals are all the same person, *i.e.*, ABREU.

    e.  Accordingly, I believe that ABREU has used the Victim's identity since at least on or about October 15, 2002, to, among other things, apply for U.S. passports (2002 and 2022) and for a TLC Driver's License (2014).

### Victim Interview

  7.  Based on my participation in this investigation, my conversations with other law enforcement agents, and my review of law enforcement reports and records, I know that, on or about September 19, 2023, certain law enforcement agents interviewed the Victim in Puerto Rico. I have learned the following, among other things, about that interview.[1]

---

[1]  In or about 2014, the Victim appears to have been convicted of illegally receiving firearms, in violation of 18 U.S.C. § 922(a)(3), and conspiring to do the same, in violation of 18 U.S.C.

    a.  The Victim stated that his identity has been compromised for many years.

    b.  The Victim confirmed that he did not submit the 2022 Fraudulent Passport Application. More specifically, while the Victim identified the personal information in the 2022 Fraudulent Passport Application as his, neither the photograph nor the signature were the Victim's, and the Victim had not authorized anyone to use his personal information to submit such an application.

    c.  The Victim explained that he had never applied for a U.S. Passport and that the only time he had lived in the United States (as opposed to Puerto Rico) was while serving a sentence in the custody of the BOP.

    d.  The Victim reviewed four photographs of individuals who law enforcement had determined, based on their investigation, used the Victim's identifying information in the past, including the photograph of ABREU depicted in **Image 7**. The Victim stated that he knew none of the people pictured other than himself. The Victim then signed an official interview form, including both his first and last name. The Victim's signature appears different from the Victim's purported signature on the 2022 Fraudulent Passport Application, as shown *supra* in **Image 9**.

    e.  Based on my conversations with other law enforcement officers who participated in the interview of the Victim, I have learned that the Victim bears no resemblance to the individual who is depicted in the photographs submitted in connection with the 2022 Fraudulent Passport Application (**Image 7**) and the fraudulent New York State Identification Card (**Image 8**), *i.e.*, ABREU.

    f.  Based on my own review of photographs taken of the Victim during his time in BOP custody between approximately 2013 and 2017 (*see supra* n.1) and from a Puerto Rican criminal justice database, I also believe that the Victim bears no resemblance to ABREU.

### Defendant Interview

8.  On or about March 27, 2024, I and other law enforcement officers conducted a voluntary interview with TEODORO ABREU, the defendant, at the ABREU Address. During that interview, ABREU stated, in substance and in part, the following, among other things:

    a.  ABREU first stated that he alone had filled out the 2022 Fraudulent Passport Application and that the name, address, signature, photograph, and other information listed, *i.e.*, the Victim's personal information, was ABREU's true and accurate personal information.

    b.  ABREU later explained, however, that this was untrue. Instead, ABREU stated that his real name was Rony Varga, before admitting that it was actually TEODORO ABREU. ABREU admitted that he had been born and raised in the Dominican Republic. ABREU

---

§ 371, and was sentenced to serve several years in prison. Federal Bureau of Prisons ("BOP") records indicate that the Victim was incarcerated from in or about 2013 until in or about 2017.

6

claimed that a different individual ("Individual-1") had filled out the 2022 Fraudulent Passport Application, that ABREU had no knowledge of the application's contents, and that ABREU had simply signed it. ABREU claimed that he had come to the United States for the first time approximately a year and a half ago, *i.e.*, around October 2022. ABREU stated that he obtained the Victim's personal information from Individual-1 in exchange for approximately $1,300 and had adopted the Victim's identity as ABREU's.

WHEREFORE, I respectfully request that a warrant be issued for the arrest of TEODORO ABREU, the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

Dua Quraishi
Special Agent
Diplomatic Security Service
United States Department of State

Sworn to before me on
this 9th day of August 2024.

THE HONORABLE JENNIFER E. WILLIS
United States Magistrate Judge
Southern District of New York

7